UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: HARLEY-DAVIDSON AFTERMARKET PARTS
MARKETING, SALES PRACTICES AND ANTITRUST
LITIGATION                                                              MDL No. 3064

TRANSFER ORDER

**Before the Panel:**[*] Plaintiffs in five actions move under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of Illinois.[1] This litigation consists of eight actions pending in eight districts, as listed on Schedule A. Since the filing of the motion, the Panel has been notified of one additional related action in the Northern District of Illinois.[2]

Defendants Harley-Davidson Motor Group, LLC, Harley-Davidson Motor Company, and Harley-Davidson, Inc. (together, "Harley-Davidson") support centralization in the Northern District of Illinois or, alternatively, the Eastern District of Wisconsin. The responding plaintiffs proposed various other districts as the transferee forum in the Panel briefing – the Central District of California, the Northern District of California, and the District of Minnesota – but subsequently filed notices with the Panel noting that they had changed their positions, and now all support the Northern District of Illinois.

On the basis of the papers filed,[3] we find that these actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These putative class actions present common factual questions arising from the allegation that defendant Harley-Davidson unlawfully tied the validity of its new motorcycle two-year warranty to consumers' exclusive use of Harley-Davidson replacement parts and authorized repair services, in violation of the Magnuson-Moss Warranty Act and state laws. Common factual questions include (1) the nature of the alleged tying

---

[*] One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in the classes and have participated in this decision.

[1] Moving plaintiffs requested the Northern District of California and, alternatively, the Northern District of Illinois, in the initial motion for centralization. Subsequently, in their reply brief, they requested only the Northern District of Illinois.

[2] This and any other related action are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[3] All parties waived oral argument.

-2-

arrangement in defendant's warranty; (2) whether defendant concealed the full terms of its warranty from consumers prior to purchase; (3) whether defendant's representations and omissions are material to reasonable consumers; (4) whether consumers paid more for parts and servicing of their motorcycles as a result of the restrictive warranty; and (5) the proper measure of any damages. Additionally, three actions assert antitrust claims that raise common factual questions concerning defining the relevant market and determining whether the conduct caused supracompetitive pricing for repair services and replacement parts. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

We select the Eastern District of Wisconsin as the transferee district for these actions. Defendant has its headquarters in this district, where common witnesses and other evidence likely will be found. We assign this litigation to Judge William C. Griesbach, an experienced transferee judge who has the willingness and ability to manage these proceedings. We are confident that he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Eastern District of Wisconsin and, with the consent of that court, assigned to the Honorable William C. Griesbach for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

IN RE: HARLEY-DAVIDSON AFTERMARKET PARTS
MARKETING, SALES PRACTICES AND ANTITRUST
LITIGATION                                            MDL No. 3064

## SCHEDULE A

<u>District of Arizona</u>

WAGNER v. HARLEY−DAVIDSON MOTOR COMPANY GROUP, LLC,
    C.A. No. 2:22−01912

<u>Central District of California</u>

HEYMER v. HARLEY−DAVIDSON MOTOR COMPANY GROUP, LLC,
    C.A. No. 5:22−02085

<u>Northern District of California</u>

KOLLER v. HARLEY−DAVIDSON MOTOR COMPANY GROUP, LLC, ET AL.,
    C.A. No. 4:22−04534

<u>Northern District of Illinois</u>

ASSISE, ET AL. v. HARLEY−DAVIDSON, INC., C.A. No. 1:22−06068

<u>District of Massachusetts</u>

BILLINGS v. HARLEY−DAVIDSON MOTOR COMPANY GROUP, LLC,
    C.A. No. 1:22−11747

<u>District of Minnesota</u>

PERRY v. HARLEY−DAVIDSON MOTOR COMPANY GROUP, LLC,
    C.A. No. 0:22−02920

<u>Northern District of New York</u>

WEAVER v. HARLEY−DAVIDSON MOTOR COMPANY GROUP, LLC,
    C.A. No. 1:22−01142

<u>Western District of New York</u>

HUTLEY v. HARLEY−DAVIDSON MOTOR COMPANY GROUP, LLC,
    C.A. No. 1:22−00902